No. 13 Civ. 6301 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN WEINSTEIN,

Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR, ALL SUED IN THEIR
OFFICIAL AND INDIVIDUAL CAPACITY,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE
COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-318*
*New York, New York 10007*

*Of Counsel: Shawn Matthew Clark*
*Tel: (212) 356-4083*
*Matter No. 2013-043252*

Mario Frangiose,
Shawn Matthew Clark,
Of Counsel.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ...................................................................... 2

    A.  Background ................................................................................ 2

    B.  Procedural History .................................................................... 3

ARGUMENT ....................................................................................... 5

  POINT I ........................................................................................... 5

    PLAINTIFF'S CLAIMS ARE BARRED BY THE
    APPLICABLE STATUTES OF LIMITATIONS ................................. 5

    A.  Plaintiff's Federal Civil Rights Claims and
        New York State Constitutional Claims................................... 5

    B.  Plaintiff's Civil Service Law § 75-b Claim and
        State Tort Claims .................................................................. 6

  POINT II .......................................................................................... 7

    THE COMPLAINT FAILS TO STATE A CLAIM UPON
    WHICH RELIEF CAN BE GRANTED ............................................. 7

    A.  The Applicable Pleading Standard ........................................ 7

    B.  Plaintiff Fails to State a Plausible Claim Under
        42 U.S.C. § 1983................................................................. 8

        (1)  Plaintiff Was Not Speaking As A Citizen
            On A Matter Of Public Concern................................... 8

        (2)  Plaintiff Fails To Allege Facts Sufficient to
            Demonstrate A Violation of Equal
            Protection.................................................................. 10

        (3)  Plaintiff Has Not Alleged Facts Sufficient
            to Demonstrate a Violation of Due Process ............... 11

        (4)  Plaintiff Has Not Alleged Any Facts
            Suggesting That Defendants Acted

Pursuant To A Municipal Policy Or
Custom............................................................................................ 14

(5)  Plaintiff Has Not Pled Any Facts
Suggesting The Personal Involvment of
Chancellor Walcott ..................................................... 15

C.  Plaintiff Fails to State a Claim Under 42 U.S.C.
§§ 1985 and 1986............................................................... 16

D.  Plaintiff's "Abuse of Process" Claim Fails to
State a Claim on Which Relief Can be Granted ................................. 17

E.  Plaintiff's Defamation Claim Fails to State
Claim.................................................................................... 18

F.  Plaintiff Fails to State a Claim for Fraudulent
Inducement .................................................................... 18

G.  Plaintiff's Claims of Intentional and Negligent
Infliction of Emotional Distress Fails to State a
Claim.................................................................................... 19

CONCLUSION............................................................................................ 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

MARTIN WEINSTEIN,

                                        Plaintiff,
                                                        No. 13 Civ. 6301 (LGS)

              -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS WALCOTT,
CHANCELLOR, ALL SUED IN THEIR OFFICIAL AND
INDIVIDUAL CAPACITY,

                                        Defendants.
---------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

       Plaintiff Martin Weinstein ("Plaintiff"), a former employee of the Board of

Education of the City School District of the City of New York ("BOE") (also known as and sued

herein as the "New York City Department of Education"), commenced this action against

defendants City of New York, BOE, and Chancellor Dennis Walcott (collectively "Defendants")

pursuant to 42 U.S.C. §§ 1983, 1985, 1986, New York Civil Rights Law §§ 70, 75-b, the New

York State Constitution, and various sate common law theories of tort liability. [1]  Defendants

---

[1] Plaintiff also purports to proceed herein pursuant to various federal criminal statutes, including 18
U.S.C. §§ 241, 242, 641, 1341, 1343, 1505, 1512, 1513, 1515, 1951, 1952, 1957, and 1961. (Complaint
("Compl.") at ¶¶ 1, 5.)  As none of the criminal statutes indentified by Plaintiff provide him with a private
right of action, however, his claims brought pursuant to those sections must be dismissed. *See Valentin
Christian v. Town of Riga*, 649 F. Supp. 2d 84, 90 (W.D.N.Y. 2009) (dismissing Plaintiff's claims brought
pursuant to 18 U.S.C. §§ 241, 242, 1341 and 1343 as "[g]enerally violations of the Criminal Code may
not serve as the basis for a civil cause of action"); *Seabury v. City of New York*, No. 06-CV-1477 (NGG)
2006 U.S. Dist. LEXIS 32083, at * 19 n. 7 (E.D.N.Y. May 18, 2006) ("Like most sections of the Criminal
Code, 18 U.S.C. § 1341 may only be prosecuted by the government, and provides no general private
cause of action for damages in civil suits");  *Schwartz v. F.S. & O. Assoc., Inc.*, No. No. 90 Civ. 1606
(VLB), 1991 U.S. Dist. LEXIS 13592, at *4 (S.D.N.Y. Mar. 12, 1991) ("To conclude that §§ 241 and 242

now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss the complaint in its entirety on the grounds that: (1) Plaintiff's claims are barred by the applicable statutes of limitation; and (2) the well-pled allegations of the complaint otherwise fail to state a claim upon which relief can be granted.

## STATEMENT OF FACTS[2]

**A.    Background**

In or about August 2007, Plaintiff was appointed to the position of Community Superintendent for District 19 for the BOE. (Compl. at ¶ 24.)  Plaintiff's appointment to the position of Community Superintendent was made subject to the "pleasure of the Chancellor." *See* Chancellor's Regulation C-37, available at http://schools.nyc.gov/RulesPolicies/ChancellorsRegulations/default.htm.   In or about October 2009, Plaintiff met with Supervising Senior Superintendent Dr. Dorita Gibson ("Gibson") to discuss an email exchange Plaintiff had with then Chancellor Joel Klein.  Following the meeting Plaintiff endorsed a letter of resignation. (Compl. at ¶ 24.)   Plaintiff alleges that he was "encouraged to pursue other similarly paid position[s] within [the] [B]OE."  (Id.)

During the second week of January 2010, Plaintiff, who remained employed by the BOE, applied for a Network Leader position.  (Compl. at ¶ 25.)  During that same time, Plaintiff also reported to the Special Commissioner of Investigation that a District CEC member was "pressuring" district and BOE employees to purchase a book she had published."  (Compl.

---

give rise to private rights of action would be contrary to a common sense interpretation of the statutory scheme.").

[2] Defendant's statement of facts is derived from the material allegations of the Complaint ("Compl."), the documents annexed thereto, and those incorporated by reference therein, which are annexed to the Declaration of Shawn Matthew Clark, sworn to on November 15, 2013 ("Clark Decl.").  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents  incorporated in it by reference")

at ¶ 26.)  In late January 2010, Plaintiff alleges that he received a call from Anthony Canelli, requesting that Plaintiff "'pull his application' as Network Leader . . . due to the negative feed back he received."  (Compl. at ¶ 28.)  Plaintiff further alleges that Gibson told him that he should withdraw his application for Network Leader, lest he "infuriate senior leadership" and preclude him from getting future employment.  (Id.)

In late April 2010, Plaintiff was contacted by BOE's Office of Equal Opportunity ("OEO") regarding an allegation that Plaintiff engaged in sexual harassment.  (Compl. at ¶ 31.) Thereafter, on or about June 16, 2010 Plaintiff was informed by OEO that the allegation against him had been substantiated, and that Gibson would determine appropriate disciplinary action (Compl. at ¶ 38.)  On or about June 25, 2010, Plaintiff was informed by Gibson that the Chancellor's office reviewed the OEO report substantiating the allegation of sexual harassment against him and decided that his employment should be terminated.  (Compl. at ¶ 39.)  Plaintiff was, however, offered the option of irrevocably resigning from the BOE in lieu of termination. (Id.)  That day, Plaintiff signed an irrevocable letter of resignation, effective June 30, 2010, thereby ending his employment with the BOE.  (Id.)

## B.    Procedural History

On or about November 12, 2010, Plaintiff commenced a special proceeding pursuant to Article 78 of the New York Civil Practice Law and Rule ("CPLR"), Index No. 114817/2010, against the BOE seeking an order permitting Plaintiff (Petitioner therein) to rescind his resignation and further seeking reinstatement to his position as Superintendent for District 19.  A copy of Plaintiff's Notice of Petition, Petition, and supporting documents, is annexed to the accompanying Declaration of Assistant Corporation Counsel Shawn Matthew Clark, dated November 15, 2013, (Clark Decl.) as Exhibit ("Ex.") A.  Thereafter, by order dated April 7, 2011, Plaintiff's Article 78 proceeding was withdrawn, (Clark Decl. Ex. B), and on

April 21, 2011 Plaintiff commenced an action in New York Supreme Court, Index No. 104823/2011, sounding in prima facie tort, fraudulent inducement, and defamation, and seeking to recover damages he allegedly sustained upon his resignation from employment as Superintendent of District 19. (Clark Decl. Ex. C.) The April 21, 2007 complaint named the City of New York and the BOE as Defendants. (Id.) In an order dated, November 7, 2011, Justice Cynthia Kern granted Defendants' motion to dismiss the complaint holding that Plaintiff failed to plead fact sufficient to state a cause of action for prima facie tort, and fraudulent inducement. (Clark Decl. Ex. D.) By Notice of Appeal, dated December 6, 2011, Plaintiff appealed Justice's Kern's decision dismissing his complaint, and on February 19, 2013, the Appellate Division for the First Department affirmed Justice Kern's ruling. *See Weinstein v. City of New York*, 103 A.D.3d 517 (1st Dep't 2013).

Plaintiff commenced the instant proceeding on September 9, 2013. By endorsement dated September 30, 2013, Your Honor granted Defendants' request for an enlargement of time to respond to the complaint herein.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS

**A.      Plaintiff's Federal Civil Rights Claims and New York State Constitutional Claims**

In New York federal claims brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the New York State Constitution are subject to a three-year statute of limitations. *Paige v. Police Dep't*, 264 F. App'x 197, 199 n. 2 (2d Cir. 2001); *Jahorgy v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994); *Schiller v. City of New York*, 2008 U.S. Dist. LEXIS 4253, at *36 (S.D.N.Y. Jan. 23, 2008).  Claims brought pursuant to 42 U.S.C. § 1986, on the other hand, are subject to a one-year statute of limitations as set forth in the statute.  42 U.S.C. § 1986; *Paige*, 264 F. App'x at 199 n. 2.

Here, Plaintiff alleges that in or about October 2009, he was "coerced into signing a letter of resignation" irrevocably resigning his position as Superintendent for District 19 (Compl. at ¶ 24.)  Plaintiff further alleges that on June 25, 2010 he signed a second letter of resignation "preclude[ing] from taking any position with the [B]OE."  (Compl. at ¶ 35.) Plaintiff, however, did not commence the instant action until September 9, 2013, nearly four-years after his first letter of resignation, and more than three-years after his second letter of resignation from the BOE.  Thus, to the extent Plaintiff seeks to challenge his irrevocable resignations, (Compl. at ¶¶ 11, 23, 24, 39, 49), as the product of  misrepresentations, coercion, or conspiracy, in violation of 42 U.S.C. §§ 1983, 1985, and 1986, and the New York State Constitution, his claims are barred by the statutes of limitation applicable to those claims.

**B.    Plaintiff's Civil Service Law § 75-b Claim and State Tort Claims**

Pursuant to Education Law § 3813, "notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, no action or special proceeding shall be commenced against [the BOE or its Chancellor] . . . more than one year after the cause of action arose." N.Y. Educ. Law § 3813 (2-b). Thus, Plaintiff's complaints against the BOE and Chancellor Walcott are barred by the applicable statute of limitations. Further, to the extent that Plaintiff properly brings any claims against the City of New York, his claims are likewise barred by the statutes of limitation applicable to each of his state law claims.[3] *See McKenzie v. Dow Jones & Co.,* 355 F. App'x. 533, 535 (2d Cir. 2009) ("Under New York law, the statute of limitations for a defamation claim is one year"); *Conte v. Cnty. of Nassau*, No 06-CV-4746 (JFB)(ETB), 2010 U.S. Dist. LEXIS 104815, at *116-17 (E.D.N.Y. Sep. 30, 2010) ("A one-year statute of limitations applies to claims of defamation and intentional infliction of emotional distress brought"); *Jones v. Bellevue Hosp. Ctr.*, No. 04 Civ. 5552 (WHP), 2005 U.S. Dist. LEXIS 28662, at *12 (S.D.N.Y. Nov. 7, 2005) (Civil Service Law § 75-b subject to one year statute of limitations); *Mintz & Gold, LLP v. Zimmerman*, 71 A.D.3d 600, 601 (1st Dep't 2010) ("action[ ] brought pursuant to Civil Rights Law § 70, is in the nature of a claim for malicious prosecution, governed by a one-year statute of limitations); *Russek v.*

---

[3] "Courts in this circuit as well as the New York State courts have made clear that the City of New York and the [B]OE are separate legal entities." *Fierro v. City of New York*, 591 F. Supp. 2d 431, 446 (S.D.N.Y. 2008); *see also Marrero v. City of New York,* No. 02 Civ. 6634 (DLC), 2004 U.S. Dist. LEXIS 3529,a at *2 (S.D.N.Y. Mar. 9, 2004) ("The defendants are correct that the City is not a proper party to this action"). Thus as Plaintiff alleges only that he was an employees of the BOE and not of the City of New York, "the City of New York is not a proper party" and all claims against it must be dismissed.

*Dag Media, Inc.*, 47 A.D.3d 457, 458 (1st Dep't 2008) ("a cause of action for prima facie tort is governed by a one-year statute of limitations"); *Hasen v. Petrone*, 124 A.D.2d 782, 782 (2d Dep't 1986) (Plaintiff's claim for "abuse of process" governed by one-year statute of limitations). Accordingly, as Plaintiff did not commence the instant action until more than three-years after his final irrevocable letter of resignation from the BOE, his state law claims pursuant to Civil Service Law § 75-b, Civil Rights Law § 70 and his tort claims sounding in defamation, intentional and negligent infliction of emotional distress, prima facie tort, fraudulent inducement, and abuse of process, are time-barred.

## POINT II

### THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### A.      The Applicable Pleading Standard

In order to survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.* Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,' and must, therefore, be dismissed. *Id.*; *Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not

nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").  The "plausibility" standard articulated in *Iqbal* and *Twombly* "applies to the pleadings of *pro se* plaintiffs as well as to those of represented litigants."  *King v. U.S. Sec. Assocs.,* No. 11 Civ. 4457 (DAB) (MHD), 2012 U.S. Dist. LEXIS 133339, at *6 (S.D.N.Y. Aug. 22, 2012).

Here, as set forth more fully below, Plaintiff's complaint amounts to little more than a recitation of various federal statutes and state tort causes of action without factual support for the grounds upon which Plaintiff seeks to demonstrate liability.  Accordingly, insofar as Plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed" for failure to state a cause of action on which relief can be granted.  *Twombly*, 550 U.S. at 570.

## B.    Plaintiff Fails to State a Plausible Claim Under 42 U.S.C. § 1983

### (1) Plaintiff Was Not Speaking As A Citizen On A Matter Of Public Concern

To make out such a First Amendment retaliation claim, "a public employee must bring forth evidence showing that he has engaged in protected First Amendment activity, he suffered an adverse employment action, and there was a causal connection between the protected activity and the adverse employment action."  *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011) (internal quotation marks omitted).  If the court determines that the public employee either did not speak as a citizen or did not speak on a matter of public concern, his speech is not constitutionally protected.  *See Sousa v. Roque*, 578 F.3d 164, 170 (2d Cir. 2009) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).  In this context, speech may be deemed "pursuant to" a public employee's official duties—and therefore not protected—if it is "part-and-parcel of his concerns about his ability to properly execute his duties."  *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 203 (2d Cir. 2010) (internal quotation marks omitted).  Thus, "[s]peech can

be pursuant to a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." *Anemone*, 629 F.3d at 116.

In determining whether speech is made pursuant to a public employee's official duties, Courts have advised that "speech confined to internal channels tends to look less like citizen speech than does the paradigmatic letter to the editor." *Matthews v. City of New York*, No. 12 Civ. 1354 (PAE), 2013 U.S. Dist. LEXIS 105940, at *58 (S.D.N.Y. Jul. 29, 2013) (collecting cases); *see also Healy v. City of New York Dep't of Sanitation,* 286 F. App'x. 744, 746 (2d Cir. 2008) (plaintiff could not establish that his First Amended rights were violated as plaintiff complained to an internal supervisor, "rather than making external communication"). Thus, in *Huth v. Haslum,* the Court held that an employee's report to the head of the division that "certain of her coworkers and supervisors were selling bootleg DVDs on [work] premises," was not protected speech as the complaint was made internally and pursuant to plaintiff's job responsibilities. *Huth v. Haslum,* 598 F.3d 70, 72, 74 (2d Cir. 2010). Likewise in *D'Olimpio v. Crisafi*, the Court held that an employee's complaint to the Inspector General was not protected speech as plaintiff conceded that the statements were "'made privately though channels available through his employment,' and was "made in a manner that would not be available to a non-public employee citizen." *D'Olimpio v. Crisafi,* 718 F. Supp. 2d 340, 353 (S.D.N.Y. 2010), *aff'd*, 462 F. App'x 79 (2012). The Court in *D'Olimpio* further noted that plaintiff's statements amounted to little more than complaints that another employee "was not performing his job properly, and by implication that the employee was interfering with plaintiff's ability to perform his own duties." *Id.*

Here, Plaintiff's alleged speech was not a protected First Amendment activity. Rather, Plaintiff's complaint alleges that he reported the conduct of a District CEC member to the Special Commissioner of Investigation, only after he became aware that the District CEC has emailed principals – Plaintiff's former subordinates – "regarding the sale of her book." (Compl. at ¶¶ 25, 27.) As Plaintiff's complaint to the Special Commissioner was made in his role as Superintendent of District 19 – i.e. supervisor of employees who were allegedly being pressured to purchase copies of a book – rather than as a private citizen on a matter of public concern his complaint fails to state a First Amendment Claim.

### (2) Plaintiff Fails To Allege Facts Sufficient to Demonstrate A Violation of Equal Protection

Insofar as Plaintiff seeks to allege a violation of the Equal Protection Clause of the U.S. Constitution his complaint likewise fails as Plaintiff has not alleged that he is a part of a larger class experiencing First-Amendment retaliation, and he may not assert a class-of-one theory. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008); *Appel v. Spiridon*, 531 F.3d 138, 139-40 (2d Cir. 2008) ("the Equal Protection Clause does not apply to a public employee asserting a violation of the Clause based on a 'class of one' theory of liability"). Further, to the extent Plaintiff attempts to alleges a violation of equal protection based on his membership in some other protected class, he fails to plead facts alleging: (1) that he is a member of a protected class; (2) that he was treated differently from other similar situated individuals; or (3) that any differential treatment he may have received was based on an impermissible consideration. *Sharpe v. City of New York,* 11 Civ. 5494 (BMC), 2013 U.S. Dist. LEXIS 75094, at *12 (E.D.N.Y. May 29, 2013) (granting defendants' FRCP 12(b)(6) motion and dismissing plaintiff's equal protection claim). As such, Plaintiff's equal protection claim must be dismissed.

### (3) Plaintiff Has Not Alleged Facts Sufficient to Demonstrate a Violation of Due Process

While Plaintiff alleges a violation of due process, it is unclear from the complaint, as plead, precisely what property or liberty interest Plaintiff complains he was deprived of, or what process he claims he should have received. "To prevail in an action based on the Due Process Clause, a plaintiff must 'first identify a property right, second show that the State has deprived [the plaintiff] of that right, and third show that the deprivation was effected without due process." *Shaffer v. Schenectady City Sch. Dist.*, No. 01-9319, 2002 U.S. App. LEXIS 20463, *5-6 (2d Cir. Sep. 23, 2002) (citing Local 342, *Long Island Public Serv. Emps., v. Town Bd. of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994)). In determining whether a plaintiff has a constitutionally-protected property interest in his public employment, courts are guided by State law and rules and regulations applicable to a public employee's employment. *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 629 (2d Cir. 1996). Thus, a plaintiff has "no basis . . . to believe that [ ]he ha[s] a legitimate claim of entitlement to continued employment," where the applicable statute, rule, or regulation notes that "the service of a person appointed . . . may be discontinued at any time." *Id.; see also Fitzgerald v. Feinberg,* No. 98 Civ. 8885 (RWS), 1999 U.S. Dist. LEXIS 12584, at *9 (S.D.N.Y. Aug. 11, 1999) ("Probationary or at-will employees lack a legitimate claim of entitlement, and therefore lack a property interest in the expectation of continued employment") (internal citation omitted).

Moreover, "[a]n employee who continues to be paid by his employer cannot sustain a claim for deprivation of property without due process." *Ramberran v. Dellacona*, No. 07-CV-304 (CBA), 2008 U.S. Dist. LEXIS 25476, at *9 (E.D.N.Y. Mar. 31, 2008) (citing *O'Connor v. Pierson*, 426 F.3d 187, 199 (2d Cir. 2005). Likewise, a public employee who voluntarily resigns his position in lieu of process afforded to him by law or contract cannot

sustain a claim for a violation of due process. *See Finley v. Giacobbe*, 79 F.3d 1285, 1296 (2d Cir. 1996) ("[plaintiff] cannot complain of procedural defects and omissions, because she resigned before her employer took all the steps necessary to fire her"); *Gipson v. Hempstead Union Free Sch. Dist.*, No. 09 CV 5466 (SJF)(AKT), 2010 U.S. Dist. LEXIS 123719, at *9 (E.D.N.Y. Nov. 18, 2010) ("In New York, a tenured public school teacher is entitled to a hearing prior to termination . . . [h]owever, when the teacher resigns, she waives that right).

Here, Plaintiff cannot establish violation of his constitutional due process rights as he cannot show a legitimate claim of entitlement to his position as a superintendent, and further as he waived any due process he may have been owed as a principal, when he voluntarily resigned his position. As an initial matter, Chancellors Regulation C-37 makes clear that "Community [S]uperintendents[, such as Plaintiff herein] serve at the pleasure of the Chancellor," and "may be terminated with or without advance notice," and without the "right to a pre or post termination hearing." *See* Chancellor Regulation C-37, available at http://schools.nyc.gov/RulesPolicies/ChancellorsRegulations/default.htm. Accordingly, insofar as Plaintiff in his role as a Superintendent served in an at-will capacity he fails to plead facts suggesting his purported claim of entitlement to that position and, thus, fails to allege a violation of his due process rights. *Fitzgerald,* 1999 U.S. Dist. LEXIS 12584, at *9. Further, to the extent Plaintiff, alleges he was denied his Constitutionally protected due process in October 2009, when he submitted his first letter of resignation, Plaintiff fails to state a claim as it is clear from the complaint that Plaintiff remained employed by the BOE at the same salary following that resignation. (Compl. at ¶ 24); *see Ramberran*, 2008 U.S. Dist. LEXIS 25476, at *9. Finally, to the extent Plaintiff alleges that he was denied due process when he submitted his second letter of resignation on June 25, 2010, (Compl. at ¶ 39) his claim likewise fails as Plaintiff waived his

right to process as a tenured principal, (Compl. at ¶ 28), when he irrevocably resigned his position rather than avail himself of the process afforded to him by statute.  *See* N.Y. Educ. Law §§ 3020; 3020-a.

To the extent Plaintiff seeks to allege a deprivation of a protected liberty interest his complaint is, likewise, insufficient to state a claim upon which relief can be granted.  To survive a motion to dismiss a "stigma plus claim," a plaintiff must plead fact alleging that: (1) the defendants made stigmatizing statements; (2) the stigmatizing statements were made public; and (3) the stigmatizing statements were made in close temporal proximity to the deprivation of a tangible interest such as public employment.  *Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006).   Thus, a complaint must be dismissed where a plaintiff fails to indentify a stigmatizing statement made by defendants or otherwise fails to allege that such stigmatizing statement was published.  *See Shanahan v. New York,* No. 10 Civ. 0742(RWS), 2011 U.S. Dist. LEXIS 6384, *17-18 (S.D.N.Y. Jan. 24,  2011) (granting defendants 12(b)(6) motion where "[t]he complaint [did] not allege[ ] that Defendants made any public statements whatsoever about [plaintiff]").  Likewise, a complaint must be dismissed "where a plaintiff had procedures available to attempt to clear his name," such as Article 78 review in New York State court.  *Id.* at *20-21 (citing *Segal,* 459 F.3d at 214 ("We now hold that, in this case involving an at-will government employee, the availability of an adequate, reasonably prompt, post-termination name-clearing hearing is sufficient to defeat a stigma-plus claim.")).   This is true even if a plaintiff does not avail himself of such review.  *Id.*

Here, Plaintiff fails to plead facts indentifying the stigmatizing statements about which he is complain and fails to alleges that Defendants published any stigmatizing statements.  Accordingly, Plaintiff's due process claim, to the extent it alleges a deprivation of a liberty

interest, must be dismissed. Moreover, the availability of Article 78 review, and indeed Plaintiff's prior lawsuits provided Plaintiff with adequate post-resignation name-clearing process. This is true, notwithstanding Plaintiff's withdrawal of his Article 78 petition. (Clark Decl. Ex. A and B.)

### (4) Plaintiff Has Not Alleged Any Facts Suggesting That Defendants Acted Pursuant To A Municipal Policy Or Custom.

Even assuming Plaintiff adequately pled First Amendment, equal protection, and due process claims, his complaint must nevertheless be dismissed as he has not plead any facts suggesting that Defendants acted pursuant to a municipal policy or custom. To sue a municipal defendant under § 1983, a plaintiff is "required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978)). "[C]onclusory, boilerplate statement[s]" cannot satisfy this requirement and withstand a motion to dismiss when "'the complaint does not include any facts demonstrating the existence of a policy or custom' nor . . . even generally indicate the nature of the policy or custom being alleged.'" *Smith v. City of New York*, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003) (quoting *Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435 (S.D.N.Y. 2000)); *see also Shah v. MTA N.Y.C. Transit*, No. 12 CV 4276 (ERK) (RLM), 2013 U.S. Dist. LEXIS 17842, *12-13 (E.D.N.Y. Feb. 8, 2013) (granting rule 12(b) motion to dismiss *Monell* claims where "the complaint lack[ed] sufficient factual details concerning *Monell* liability and contain[ed] mere conclusory statements regarding the [defendant]'s alleged unconstitutional policies and practices."). Here, plaintiff has merely provided the exact sort of "conclusory, boilerplate statements" this Court may not consider. (Compl. at ¶¶ 4, 66-67.)

**(5) Plaintiff Has Not Pled Any Facts Suggesting The Personal Involvment of Chancellor Walcott**

Likewise, to the extent Plaintiff attempts assert a 42 U.S.C. § 1983 claim with respect to Chancellor Walcott, his claim must be dismissed as he fails to plead any facts demonstrating the Chancellor's personal involvement. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138-139 (2d Cir. 2013). Personal involvement by a defendant in a § 1983 action may be shown by allegations that

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional

*Id.* (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). To survive a motion to dismiss a plaintiff must, therefore, "sufficiently allege the [individual defendant's] personal involvement in or awareness of . . . [the] issues raised by [plaintiff]. *Id.* (upholding the dismissal of plaintiff's § 1983 claim against an individually-named defendant "for lack of sufficient allegations of the [defendant] personal involvement.").

Here, Plaintiff's allegation that Chancellor Walcott "was and is a co-worker of the individuals named in the [complaint] and as such assisted in the misconduct and false claims made against Plaintiff, is insufficient to state a claim against Chancellor Walcott. Indeed,

Plaintiff does not allege that Chancellor Walcott in any way participated in the conduct Plaintiff alleges led to his irrevocable resignation, nor does Plaintiff alleges facts, beyond his own mere speculation, demonstrating Chancellor Walcott's knowledge of the facts Plaintiff alleges. Accordingly, insofar as Plaintiff seeks to assert a § 1983 claim against Chancellor Walcott, his claim must be dismissed for the Chancellor's lack of personal involvement.

**C.    Plaintiff Fails to State a Claim Under 42 U.S.C. §§ 1985 and 1986**

42 U.S.C. § 1985 "permits the recovery of damages against persons who conspire to violate a plaintiff's civil rights." *DeLong v. Soufiane*, No. 05-CV-5529 (ADS)(WDW), 2010 U.S. Dist. LEXIS 2944, at *16 (S.D.N.Y. Jan, 14, 2010). 42 U.S.C. § 1986, in turn, "provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Id.* (internal citation omitted). Thus, a claim under § 1986 is contingent upon a valid claim under Section 1985. *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996). In order to plead a plausible conspiracy claim under 42 U.S.C. § 1985, Plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *See Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (citing *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). Additionally, Plaintiff must allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* Employees and agents of a "single corporate or municipal entity, each acting within the scope of his of her employment[, however,] are legally incapable of conspiring with each other." *DeLong*, 2010 U.S. Dist. LEXIS 2944, at *17 (citing

*Rodriquez v. City of New York,* 644 F. Supp. 2d 168, 200 (E.D.N.Y. 2008)); *see also Jeter v. N.Y.C. Dep't of Educ.*, 549 F. Supp. 2d 295, 303 (E.D.N.Y. 2008) ("because each entity alleged to have violated [plaintiff's] civil rights is employed by or a part of the City of New York, and because [plaintiff] has not alleged any additional motivation unrelated to his general allegations, the intracorporate immunity doctrine bars [plaintiff's] Section 1985 claims")

Here, Plaintiff fails to plead facts sufficient to alleges claims under 42 U.S.C. §§ 1985 and 1986. Indeed, Plaintiff does not even alleges the existence of a conspiracy, no-less one that allegedly endeavored to deprive him of his rights and privileges under the law; nor does Plaintiff allege racial or class-based animus on the part of Defendants. Plaintiff's also fails to allege that any individual or entity had knowledge of an alleged conspiracy and had the ability or power to prevent such alleged conspiracy. Moreover, as Plaintiff, only names the City of New York, the BOE, and Chancellor Walcott as defendants herein it is clear that the intracorporate conspiracy doctrine bars Plaintiff's §§ 1985 and 1986 claims.

**D.     Plaintiff's "Abuse of Process" Claim Fails to State a Claim on Which Relief Can be Granted**

In order to make out a claim for abuse of process, Plaintiff must show that the Defendants: (1) employed regularly issued legal process to compel performance or forbearance of some act; (2) with intent to do harm without excuse or justification; and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001) (citing *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)). Plaintiff has failed to allege any facts to support any of the required elements, and according, this claim must be dismissed. *See Levine v. Baras Jersey, Inc.*, No. 97 Civ. 0225 (KTD), 2000 U.S. Dist. LEXIS 604, *15 (S.D.N.Y. Jan. 24, 2000).

## E.     Plaintiff's Defamation Claim Fails to State Claim

To the extent Plaintiff seeks to bring a claim for defamation, (Compl. at ¶¶ 23, 40, 50),  he fails to plead facts sufficient to support a plausible claim.  To establish a cause of action for defamation, a plaintiff must plead and prove the following: (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence in the unprivileged publication; and (4) that the statement was defamatory per se or that it caused special harm.  RESTATEMENT (SECOND) OF TORTS § 558 (1977); *see also Weldy v. Piedmont Airlines, Inc.,* 985 F.2d 57, 61-62 (2d Cir. 1993); *Dix v. City of New York*, No. 01 Civ. 6186 (LAP), 2002 U.S. Dist. LEXIS 18262, at *29 (S.D.N.Y. Sep. 30, 2002).  A cause of action sounding in defamation which fails to comply with the special pleading requirements contained in CPLR 3016 (a) mandates dismissal.  *Gill v. Pathmark Stores, Inc.*, 237 A.D.2d 563, 564 (2d Dep't 1997).  Further, failure to state the particular person or persons to whom the allegedly defamatory comments were made as well as the time and manner in which the publications were made also warrants dismissal.  *Id.; see also Ott v Automatic Connector, Inc.*, 193 A.D.2d 657 (2d Dep't 1993).

Here, Plaintiff has made no attempt to plead allegations which might show that Defendants either made allegedly defamatory statements with a high degree of awareness of their probable falsity, or with serious doubts as to the truth of the matter contained in the alleged statements.  Accordingly, to the extent Plaintiff seeks to alleges a claim for defamation, his claim must be dismissed for failure to state a claim on which relief can be granted.

## F.     Plaintiff Fails to State a Claim for Fraudulent Inducement

In order to survive a motion to dismiss, "a claim for fraudulent inducement . . . must by comply with the requirements of [FRCP] 9(b)," and "be plead with particularity."  *Miller v. Holzbrinck Publishers, LLC*, No. 08 Civ. 3508 (HB), 2009 U.S. Dist.

LEXIS 18973, at *7-9 (S.D.N.Y. Mar. 3, 2009). Thus, a plaintiff must indentify the specific statements he claims were false and misleading, indentify the speaker and location where the statements were made, and explain how the statements were fraudulent. *Id.* (citing *Lerner v. Fleet Back, N.A.,* 459 F.3d 273 290 (2d Cir. 2006)). Additionally, "[a]lthough Rule 9(b) allows a plaintiff to allege fraudulent intent generally, a plaintiff must 'allege facts that give rise to a strong inference of fraudulent intent.'" *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99-CV-3227 (JGK), 2000 U.S. Dist. LEXIS 14043, at *23 (S.D.N.Y. Sept. 22, 2000) (citing *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

Here, Plaintiff fails to indentify the specific statements he alleges were false and misleading and further fails to plead with any specificity how any statements made by Defendants were false or by whom and when such statements were purportedly made. As such, Plaintiff's claim for fraudulent inducement must be dismissed.

**G.     Plaintiff's Claims of Intentional and Negligent Infliction of Emotional Distress Fail to State a Claim**

With respect to Plaintiff's IIED claim, plaintiff has not plead and cannot demonstrate that he was subjected to extreme and outrageous conduct. *See Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). Further, Plaintiff's IIED claim is otherwise barred by the fact that "New York courts routinely hold that IIED claims against government agencies, including New York City, are barred for public policy reasons." *See Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 381 (S.D.N.Y. 2005) (citing *Lauer v. City of New York*, 240 A.D.2d 543 (2d Dep't 1997)). As for Plaintiff's NIED claim, a cause of action may only lie where a defendant owes a "special duty" to the plaintiff, and "an employer does not owe a special duty to an individual employee, because it has an obligation to treat all employees in the same manner."

*Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011).  Thus, plaintiff's NIED claim must be dismissed as well.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that this Court grant its motion to dismiss the complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            November 15, 2013

                     **MICHAEL A. CARDOZO**
                     Corporation Counsel of the
                       City of New York
                     Attorney for Defendants
                     100 Church Street, Room 2-318
                     New York, New York 10007
                     (212) 356-4083
                     shclark@law.nyc.gov

              By:     /s/ *Shawn Matthew Clark*
                     Shawn Matthew Clark
                     Assistant Corporation Counsel

Mario Frangiose,
Shawn Matthew Clark,
   Of Counsel.