USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARTIN WEINSTEIN,                                           :
                                        Plaintiff,          :
                                                            :      13 Civ. 06301 (LGS)
                -against-                                   :
                                                            :      OPINION AND ORDER
CITY OF NEW YORK, et al.,                                   :
                                        Defendants.         :
                                                            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Martin Weinstein, pro se, commenced the present action on September 9, 2013, arising out of his termination as an at-will employee of the New York City Department of Education ("DOE"). The Defendants are the DOE, the City of New York and Dennis Walcott, former Chancellor of the DOE. The Complaint alleges violations of the U.S. Constitution, the New York Constitution and various federal and New York state statutes. Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants' motion is granted because the federal claims are barred by the relevant statutes of limitations, and the Court declines to exercise supplemental jurisdiction over the state law claims.

## BACKGROUND

### I.    Factual Background

    The following facts are taken from the Complaint and assumed to be true for purposes of this motion.

    From August 2007 to June 30, 2010, Plaintiff served as Superintendent for District 19 in Kings County, New York. In late October 2009, Plaintiff's Supervising Senior Superintendent,

acting on behalf of the Office of the Chancellor, requested that he resign his position as Superintendent on grounds that he had exchanged inappropriate emails with the then-Chancellor. Plaintiff complied, submitting a revocable letter of resignation, although he remained employed by the DOE.[1]

Plaintiff contends that, despite asking him to resign his position as Superintendent, DOE officials encouraged him to apply for similarly compensated positions within the DOE. Acting on that advice, Plaintiff applied for a Network Leader position offering the same salary as his prior position as Superintendent. While he was engaged in the application process for the Network Leader position, Plaintiff reported to the Special Commissioner of Investigation that a member of the Citywide and Community Education Council ("CEC"), formerly known as the School Board, allegedly had "pressured" DOE employees to purchase a book she had published. Plaintiff also requested that members of his staff inform him if they had further information about the CEC member's efforts to sell her book to DOE employees within Plaintiff's district. A member of Plaintiff's staff, and friend of the CEC member ("Staff Member"), subsequently informed him that she was in possession of such information, but refused to provide it.

On January 8, 2010, Plaintiff allegedly received a death threat from an unknown person. In late January 2010, Plaintiff learned that the death threat was made by the CEC member whose activities he had reported, and that she had resigned from her position. Plaintiff was also told that the CEC member would likely have to pay a fine to the Conflicts of Interest Bureau. Plaintiff does not specify the source of this information in his Complaint.

---

[1] In his opposition to Defendants' Motion to Dismiss, Plaintiff claims that he "never signed any letter of any such nature during said month," and instead states that he signed a letter in January 2010 that he would "step down" as Superintendent effective July 1, 2010. This discrepancy, however, is not material to the resolution of Defendants' Motion to Dismiss.

According to the Complaint, Defendants took a number of retaliatory actions against Plaintiff as a result of the events involving the CEC member. In late January 2010, Plaintiff was asked to withdraw his application for a Network Leader position because DOE officials had advised that "there was [a] problem with the Plaintiff" and he "should not be working in a management capacity." Plaintiff was told that he should instead pursue a position as principal. Plaintiff nevertheless persisted in applying for managerial positions. Each of his applications for managerial positions, however, was rejected.

Meanwhile, the attendance of the Staff Member became "problematic," requiring Plaintiff to admonish her by email. In late April 2010, Gina Martinez of the DOE's Office of Equal Opportunity informed Plaintiff that the Staff Member had reported that Plaintiff had sexually harassed her. On May 11, 2010, Plaintiff, accompanied by a "witness," met with Ms. Martinez and denied the allegations. Ms. Martinez did not permit the witness to speak on Plaintiff's behalf. On June 16, 2010, Plaintiff received an email from Ms. Martinez informing him that the Office of Equal Opportunity had substantiated the sexual harassment allegations and that he would be appropriately disciplined. On June 25, 2010, Plaintiff was asked to report to the Chancellor's office, where he was given the choice of being terminated or signing an irrevocable letter of resignation from the DOE. Plaintiff chose the latter option.

Plaintiff submits that he has since been prevented from obtaining employment within the DOE and that Defendants have spread defamatory statements concerning the sexual harassment allegations. He seeks relief in the form of compensatory and punitive damages.

**II.     Prior Litigation**

Plaintiff previously sought relief in the New York state courts for various claims arising out of the facts described above. On November 12, 2010, Plaintiff initiated a special proceeding

against the DOE, pursuant to Article 78 of the New York Civil Practice Law and Rules, seeking an order that would annul the DOE's finding that Plaintiff engaged in sexual harassment, rescind Plaintiff's resignation and reinstate Plaintiff as Superintendent for District 19. On April 7, 2011, the special proceeding was withdrawn by order of Justice Cynthia S. Kern.

On April 21, 2011, Plaintiff initiated an action in New York Supreme Court against the City of New York and the DOE for prima facie tort, fraudulent inducement and defamation arising out of Defendants' conduct in seeking Plaintiff's resignation and "publishing to the industry" that Plaintiff was discharged for sexual harassment. On November 7, 2011, Justice Kern dismissed the case for failure to state a cause of action and on grounds that the City of New York was not a proper party to the action. *Weinstein v. City of New York et al.*, No. 104823/11, 2011 WL 5631241, at *1 (N.Y. Sup. Ct. Nov. 4, 2011). Specifically, as to Plaintiff's claim for prima facie tort, the New York Supreme Court held that: (1) Plaintiff's prima facie tort claim was in essence a claim for wrongful discharge, and Plaintiff, as an at-will employee, was prevented by New York law from both bringing a wrongful discharge tort and converting such a claim into a prima facie tort; and (2) to the extent Plaintiff pleaded as a separate claim that Defendants' conduct prevented him from obtaining another job within the DOE, such a claim sounded in the classic tort of defamation and was therefore required to be pleaded as such. *Id.* As to Plaintiff's fraudulent inducement claim, the New York Supreme Court held that Plaintiff had not stated a claim for fraudulent inducement but rather "merely allege[d] in conclusory terms that 'defendants made knowing representations of present material fact to plaintiff intended to deceive him and which induced him to act upon the misrepresentation with resultant damages.'" *Id.* The Supreme Court did not rule on Plaintiff's defamation claim, which Plaintiff had withdrawn at oral argument. *Id.* On February 19, 2013, the Appellate Division for the First

Department affirmed the Supreme Court's Ruling.  *Weinstein v. City of New York et al.*, 959 N.Y.S.2d 433 (1st Dep't 2013).

**STANDARD**

I.      **Standard of Review**

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the nonmoving party.  *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013).  Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In construing complaints by plaintiffs proceeding pro se, the Court "appl[ies] a more

flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139-40 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Thus, the Court is obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013) (internal citations, quotation marks, and brackets omitted).

## II.   Claims to be Addressed

The Complaint alleges violations of a laundry list of constitutional and statutory provisions, many with no apparent connection to Plaintiff's case, which he characterizes as one of "constructive discharge and retaliation." In the "Preliminary Statement," the Complaint lists 42 U.S.C. §§ 1983, 1985, 1986; 28 U.S.C. §§ 1331, 1343, 1367, 1443; 18 U.S.C. §§ 241, 242, 641, 1341, 1343, 1505, 1512, 1513, 1515, 1951, 1952, 1957, and 1961; "Civil Rights Law" [2] §§ 70 and 76-a; New York Civil Service Law §§ 75-b and 79-h; Article I, §§ 8 and 11 of the New York State Constitution; and the First, Fifth, Seventh and Fourteenth Amendments of the United States Constitution. The Complaint cites certain of these provisions a second time under five "causes of action," including: 42 U.S.C. §§ 1983, and 1985; the First, Fifth, Seventh and

---

[2]  The Court construes the reference to "Civil Rights Law" as a reference to the New York Civil Rights Law.

Fourteenth Amendments of the Constitution; Civil Rights Law §§ 70, 75-b[3] and 79-h; Article I, § 8 of the New York State Constitution; 18 U.S.C. § 1986; 28 U.S.C. §§ 1343, 1331, 1367, Judiciary Law § 487; Title VII; various torts, including intentional and negligent infliction of emotional distress, verbal harassment, defamation and "unjustified threats of future harm;" and "other State law claims."

Construing the Complaint liberally, the Court understands the claims to be: (1) a cause of action pursuant to 42 U.S.C. § 1983 based on violations of the First, Fifth, Seventh and Fourteenth Amendments of the Constitution; (2) a cause of action based on 42 U.S.C. § 1985; (3) a cause of action based on 42 U.S.C. § 1986; (4) a cause of action pursuant to New York Civil Service Law § 75-b (retaliatory action by public employers); and (5) state law tort claims of intentional infliction of emotional distress, fraudulent inducement and defamation.

The Court will not address purported claims under the remaining statutes invoked by Plaintiff. As an initial matter, the Title 18 violations referenced in the Complaint are not actionable. Violations of the Criminal Code do not provide a basis for a civil cause of action, unless the particular provision in question includes an express or implied private right of action. *See Cort v. Ash*, 422 U.S. 66, 79-80 (1975). No implied private right of actions exists for any of the provisions Plaintiff invokes. *See Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action for 18 U.S.C. §§ 241, 242); *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (no private right of action for 18 U.S.C. §§ 1341, 1343); *Ali v. Timmons*, No. 04-CV-0164, 2004 WL 1698445, at *2 (W.D.N.Y. July 26, 2004) (no private right of action for 18 U.S.C. § 641); *Mills v. Luplow*, No. 04-CV-00005, 2009 WL 2606240, at *7 (W.D.N.Y. Mar. 31, 2009) (no private right of action for 18 U.S.C. § 1505); *Bender v. City of*

---

[3] The Court construes the reference to "Civil Rights Law § 75-b" as a reference to New York Civil Service Law § 75-b (Retaliatory Action by Public Employers), as no such Civil Rights Law provision exists.

*New York*, No. 09-CV-3286, 2011 WL 4344203, at *2 (S.D.N.Y. Sept. 14, 2011) (no private right of action for 18 U.S.C. §§ 1512, 1513); *John's Insulation Inc. v. Siska Constr. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (no private right of action for 18 U.S.C. § 1951); *Schwartz v. F.S. & O. Assocs., Inc.*, No. 90-CV-1606, 1991 WL 208056, at *2 (S.D.N.Y. Sept. 27, 1991) (no private right of action for 18 U.S.C. §§ 1952, 1957). The Complaint also cites 18 U.S.C. §§ 1515 and 1961, which define certain terms used in other parts of the Criminal Code.

The Complaint mentions only once and in passing other provisions, such as Judiciary Law § 487 and "Title VII" – which the Court interprets to mean Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The Complaint does not allege any facts that would support claims under these provisions, such as, for example, whether Plaintiff satisfied the jurisdictional prerequisites of Title VII by filing a complaint with the Equal Employment Opportunity Commission. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Finally, the remaining statutory provisions the Complaint invokes are either non-existent or irrelevant to its claims. *E.g.*, Civil Rights Law §§ 70 (vexatious lawsuits), 76-a (actions involving public petition and participation); New York Civil Service Law § 79-h (non-existent provision).

## DISCUSSION

### I.    Federal Civil Rights Claims

Defendants argue that the statute of limitations bars Plaintiff's federal law claims pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. As a threshold matter, the Court decides this motion as it was brought – that is, as a motion to dismiss – drawing from the facts alleged in the Complaint. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (citing Fed. R. Evid. 201).

Because the statute of limitations is an affirmative defense, Defendants carry the burden of showing that Plaintiff failed to plead timely claims. Dismissing claims on statute of limitations grounds at the complaint stage "is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999); *accord S.E.C. v. Gabelli*, 653 F.3d 49, 60 (2d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1216 (2013).

The statute of limitations for §§ 1983 and 1985 actions in New York is three years. *See Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (citing *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)). Both §§ 1983 and 1985 claims "accrue" when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Cornwell*, 23 F.3d at 703; *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims under § 1986 are subject to a one-year statute of limitations. 42 U.S.C.A. § 1986; *accord Paige*, 264 F.3d at 199 n.2.

At the latest, Plaintiff's claims accrued on June 25, 2010, when Plaintiff signed the second letter of resignation. By that time, Plaintiff "kn[ew] or ha[d] reason to know of the injury which is the basis of his action" – here, Plaintiff's final discharge from the DOE and the consequences flowing from that discharge. *Pearl*, 296 F.3d at 80. Accordingly, Plaintiff had until June 25, 2013, to bring claims pursuant to §§ 1983 and 1985, and until June 25, 2011, to bring claims pursuant to § 1986. It is undisputed that Plaintiff did not initiate the present action until September 9, 2013, several months after the expiration for filing any of his federal civil rights claims.

Plaintiff argues that in spite of his untimely filing, the Court should equitably toll the statute of limitations because Plaintiff was not permitted access to emails providing "proof of his

9

claims" until April 2013.  Equitable tolling is "only appropriate in rare and exceptional circumstances," *Zerilli-Edelglass v. N.Y.C. Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted), where a plaintiff "could show that it would have been *impossible* for a reasonably prudent person to learn about his or her cause of action." *Pearl*, 296 F.3d at 85 (emphasis in original) (internal quotation marks omitted).  Such exceptional circumstances include where a plaintiff "actively pursued judicial remedies but filed a defective pleading during the specified time period; where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Zerilli-Edelglass*, 333 F.3d at 80 (internal citations and quotation marks omitted).

      Plaintiff has not shown any analogous circumstances here.  Plaintiff clearly was aware of his cause of action at a time well before the statute of limitations had run, and further, was actively litigating the same allegations in state court that he has made here.  What "proof" he obtained to substantiate his allegations before the statute of limitations had run is irrelevant to the question of when Plaintiff became "aware" of his cause of action.  Accordingly, the federal claims alleged under 42 U.S.C. §§ 1983, 1985 and 1986 are time barred and must be dismissed.

## II.     New York State Law Claims

      The Complaint's remaining claims allege violations of New York law.  "Federal courts normally decline to exercise jurisdiction over state law claims when all the federal claims have been dismissed before trial."  *See Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). Accordingly, the Court declines to exercise supplemental jurisdiction over these non-federal claims, which may in any event be barred by the doctrine of res judicata.

## **CONCLUSION**

    For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.

Dated: April 8, 2014
       New York, New York

LORNA G. SCHOFIELD<br>
UNITED STATES DISTRICT JUDGE