USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/3/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARTIN WEINSTEIN,                                           :
                                        Plaintiff,          :
                                                            :       13 Civ. 06301 (LGS)
                -against-                                   :
                                                            :       OPINION AND ORDER
CITY OF NEW YORK, et al.,                                   :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

This case is before the Court upon pro se Plaintiff Martin Weinstein's Motion for Reconsideration of the Court's April 8, 2014 Opinion and Order ("Motion"). For the following reasons, Plaintiff's Motion is denied.

I.    BACKGROUND

On September 9, 2013, Plaintiff commenced this action against Defendants the New York City Department of Education ("DOE"), the City of New York and Dennis Walcott, former Chancellor of the DOE. The Complaint asserted that Defendants' conduct in discharging Plaintiff from his position as an at-will employee of the DOE violated the U.S. Constitution, the New York Constitution and numerous federal and New York state statutes. On November 15, 2013, Defendants filed a motion to dismiss the Complaint, arguing that Plaintiff's claims were time barred and the Complaint otherwise failed to allege facts sufficient to state a claim. On April 8, 2014, the Court issued its Opinion and Order ("Opinion") granting Defendants' motion to dismiss. The Court held that the federal claims were barred by the relevant statutes of limitations and that equitable tolling of the statutes of limitations was not warranted under the circumstances. The Court declined to exercise supplemental jurisdiction over the state law claims.

On April 9, 2014, Plaintiff filed his Motion.  On April 14, 2014, Plaintiff filed an additional letter, again asking the Court to reconsider its decision.  On May 1, 2014, Plaintiff filed a second letter, requesting that the Court "consider hearing [his] complaint" or "remanding this case to a lower court."

## II.   STANDARD

"The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same."  *ResQnet.com, Inc. v. Lansa, Inc.*, 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 94 Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004)) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'"  *Wechsler*, 2004 WL 2210261, at *2 (quoting *Polsby v. St. Martin's Press, Inc.*, 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).  "The motion to reconsider cannot properly advance 'new facts, issues or arguments not previously presented to the court.'"  *Wechsler*, 2004 WL 2210261, at *2 (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

### III. DISCUSSION

Plaintiff seeks reconsideration of the Court's Opinion on grounds that "adequate and relevant case law was presented to demonstrate equitable tolling" and "'newly found' evidence was presented to support the foregoing."

In its Opinion, the Court considered and rejected Plaintiff's equitable tolling argument, including his claim that new evidence warranted equitable tolling of the statutes of limitations. The Opinion concluded that Plaintiff's case was not one of the "rare and exceptional circumstances" where equitable tolling is appropriate, *Weinstein v. City of New York et al.*, 13 Civ. 06301, 2014 WL 1378129, at *5 (S.D.N.Y. Apr. 8, 2014) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted)), and that the "newly found evidence" purportedly discovered by Plaintiff did not alter the Court's analysis. Because Plaintiff points to no "controlling decisions or data that the court overlooked," the Motion is dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED. The Clerk of Court is directed to close the motion at Docket No. 29 and to close the case.

SO ORDERED.

Dated: July 3, 2014
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE